UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TODD ALFRED ZIMMERMAN,          )
                                )
                 Plaintiff,     )
                                )
v.                              )          Case No. 1:18-cv-793
                                )
COMMISSIONER OF                 )          Honorable Phillip J. Green
SOCIAL SECURITY,                )
                                )
                 Defendant.     )
_____ )

**MEMORANDUM OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed his application for DIB benefits on August 12, 2015. He filed his application for SSI benefits on January 29, 2016. He alleged a March 27, 2015, onset of disability. (ECF No. 7-5, PageID.244, 256). Plaintiff's claims were denied on initial review. (ECF No. 7-4, PageID.163-79). On June 13, 2017, he received a hearing before an ALJ. (ECF No. 7-2, PageID.75-110). The ALJ issued his decision on September 20, 2017, finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.52-67). On May 25, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.42-44), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review. Plaintiff argues that the Commissioner's decision should be overturned on the following ground:

I.      The ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the Residual Functional Capacity, in not considering the combined impact thereof, and in failing to build an accurate and logical bridge between the evidence and the conclusion.

(Plf. Brief, 5, ECF No. 12, PageID.1506). For the reasons stated herein, the Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the

Commissioner can act without fear of court interference."  *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through December 30, 2019.  (Op., 5, ECF No. 7-2, PageID.56). Plaintiff had not engaged in substantial gainful activity since March 27, 2015, the alleged onset of disability.  (*Id.*).  Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease (COPD), asthma, osteoarthritis, sensorineural hearing loss, degenerative disc disease (DDD) of the cervical and lumbar spine, hypertension, depression and anxiety disorder." (*Id.*).  Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment.  (*Id.* at 6, PageID.57).  The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> He can occasionally kneel, crouch, crawl and climb ladders, ropes and scaffolds; and can frequently balance, stoop and climb ramps or stairs. He cannot perform work that requires fine hearing or frequent verbal communication.  He is limited to occasional exposure to extreme cold or heat, humidity, and must avoid concentrated exposure to fumes, odors, dusts, gasses, and poor ventilation.  He is limited to simple, routine, repetitive tasks with no fast-paced production requirements; work that requires only occasional contact or interaction with co-workers or the public; and work that does not involve frequent significant changes or adaptations.

(*Id.* at 7, PageID.58).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 8, PageID.59).

The ALJ found that plaintiff was not disabled at step four of the sequential analysis because he was capable of performing his past relevant work as a production assembler and as a recycler. (*Id.* at 13-14, PageID.64-65).

Alternatively, the ALJ found that plaintiff was not disabled at step five of the sequential analysis. The ALJ considered the testimony of a vocational expert. In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the vocational expert testified that there were approximately 370,000 jobs that exist in the national economy that he would be capable of performing. (ECF No. 7-2, PageID.104-07). The ALJ found that this constituted a significant number of jobs, and that plaintiff was not disabled. (Op., 14-16, PageID.65-67).

## Discussion

Plaintiff argues that the ALJ's decision should be overturned because his RFC finding failed to incorporate limitations from all plaintiff's medically determinable impairments, both severe and non-severe, failed to consider the combined effect of plaintiff's impairments, and he failed to build an accurate and logical bridge between the evidence and his RFC finding. (Plf. Brief, 11-15, ECF No. 12, PageID.1512-16).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff's argument that the ALJ's RFC finding failed to consider all his impairments, including his non-severe impairments and the combined effects of those impairments, lacks merit. The ALJ expressly considered all plaintiff's impairments and the combined effect of those impairments. (*See* Op., 4, 7, ECF No. 7-2, PageID.55-58).

Plaintiff argues that the ALJ's RFC finding "is defective, illogical, and not supported by substantial evidence" because it does not include fingering, handling, and reaching limitations. (Plf. Brief, 13, PageID.1514). Plaintiff cites to diagnoses of hand osteoarthritis with evidence of Bouchard's nodes, left shoulder osteoarthritis, bicipital tendinitis, carpal tunnel syndrome, and psoriatic arthritis. (*Id.*). This argument does not provide a basis for disturbing the Commissioner's decision. "[N]ot every diagnosable impairment is necessarily disabling*." Lee v. Commissioner*, 529 F. App'x. 706, 713 (6th Cir. 2013). The mere diagnosis of a condition says nothing about its severity or its impact on plaintiff's functional limitations. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). No treating or examining physician offered an opinion that plaintiff required handling, fingering, or reaching limitations. The absence of such opinions is substantial evidence supporting the ALJ's decision not to

include handling, fingering, or reaching restrictions in his RFC finding. *See Morrison v. Commissioner*, No. 16-1360, 2017 WL 4278378, at *3 (6th Cir. Jan. 30, 2017).

Plaintiff argues that the ALJ's climbing and balancing limitations "are defective, not supported by substantial evidence, and violate the logical bridge doctrine" because the ALJ "assumed that [p]laintiff possessed athletic prowess completely inconsistent with his impairments." (Plf. Brief., 13-14, PageID.1514-1515). In support of this argument, plaintiff cites to medical evidence regarding his right knee, left shoulder, lumbar spine, hip, obesity, and susceptibility to shortness of breath. (*Id.* at 14, PageID.1515).

Plaintiff had "the burden of proving h[is] lack of residual functional capacity." *Jordan v. Commissioner*, 548 F.3d 417, 423 (6th Cir. 2008). Plaintiff has not carried his burden. His burden is much higher than identifying pieces of evidence on which the ALJ could have made a factual finding in his favor. The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

The ALJ noted that plaintiff continued to be active. He was able to ride a bike and he helped his father "put things up into the rafters in a pole barn." (Op., 11, PageID.62) (citing ECF No. 7-16, PageID.1335, 1340; ECF No. 7-18, PageID.1471). Further, the ALJ gave great weight to the opinion of state agency medical consultant Saadat Abbasi, M.D. The ALJ's RFC finding incorporated the

climbing and balancing restrictions suggested by Dr. Abbasi. (Op., 7, 10, PageID.58, 61; *see* ECF No. 7-3, PageID.150). The ALJ's RFC finding is supported by substantial evidence.

Even assuming that plaintiff had shown error in the ALJ's RFC finding, he also had the burden of demonstrating that the error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012) ("Substantial evidence is the applicable standard of review, not perfection."). "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by h[is] impairments and the fact that []he is precluded from performing h[is] past relevant work[.]" *Jones v. Commissioner*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Wilk v. Commissioner*, No. 2:16-cv-14308, 2018 WL 1075072, at *6 (E.D. Mich. Feb. 8, 2018) (The claimed error in the ALJ's RFC finding was harmless because plaintiff did not carry her burden of demonstrating the existence and severity of limitations precluding her from performing her past relevant work.) (citing *Jones v. Commissioner*, 336 F.3d at 474); *Coulter v. Astrue*, No. 5:12-cv-281, 2012 WL 5463858, at *11 (N.D. Ohio. Nov. 8, 2012) (An "ALJ's error in [making his] RFC determination is harmless if it does not affect his ultimate conclusion as to disability."). Plaintiff has not presented any developed argument explaining how increased restrictions regarding climbing and balancing would undermine the ALJ's finding that plaintiff was not disabled at step four of the sequential analysis because he was capable of

performing his past relevant work as a production assembler and as a recycler. Plaintiff has not shouldered, much less carried his burden of demonstrating harmful error.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision is affirmed.


Dated:   June 11, 2019                    /s/  Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge